Special Term for further proceedings in accordance with the memorandum. Memorandum: Upon reargument, it appears that there is a conflict of fact as to what took place at the time the defendant was arraigned upon an information charging him with a prior-felony conviction. The rubber stamp on the information indicates that section 1943 of the Penal Law was complied with. On the other hand, the stenographer's minutes in the County Clerk's file indicate the contrary. The District Attorney questions the authenticity and completeness of the minutes but this is a matter which must be inquired into upon a hearing. Whether the 'defendant is chargeable with having knowingly waived compliance with the statute is also a question of fact to be determined after a hearing. A hearing should therefore be held. (Reargument of appeal from order of Erie Special Term denying defendant's application for resentence.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES DARWIN ALDRICH, Appellant.— Judgment of resentence unanimously affirmed. (Appeal from judgment of Onondaga County Court sentencing defendant as a second offender to imprisonment for 5 to 10 years on a conviction of rape, second degree.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY LEE HINES, Appellant.— Orders unanimously affirmed. (Appeal from two orders of Monroe County Court denying defendant's application for writ of error coram nobis.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD BALE, Appellant.— Judgment of conviction affirmed. All concur, except McClusky, J., who dissents and votes for reversal and a new trial on the ground that the verdict is against the weight of evidence. (Appeal from judgment of Niagara County Court convicting defendant of the crimes of burglary, third degree, attempted grand larceny, first degree, and malicious damage to property as a felony.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY SMIECH, Also Known as TONY SMITH, Also Known as ANTHONY SMITH, Also Known as ANTHONY E. SMITH, Appellant.— Judgment of conviction affirmed. All concur, except McClusky, J., who dissents and votes for reversal and a new trial on the ground that the verdict is against the weight of evidence. (Appeal from judgment of Niagara County Court convicting defendant of the crimes of burglary, third degree, attempted grand larceny, first degree, and malicious damage to property as a felony.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL BOLAND, Appellant.— Order unanimously affirmed. Memorandum: The stenographer's minutes which were before the court in this proceeding show that when defendant appeared before the Onondaga County Judge for arraignment, the District Attorney twice told him that he was entitled to be represented by an attorney at all stages of the proceeding, and twice asked him if he desired to have an attorney to represent him. Defendant answered "No" to the questions and said "I don't want any". The right of an accused to be informed of his right to counsel and to be asked if he desires the aid of counsel invokes the protection of the trial court, which can best be assured when the Trial Judge himself states the information and asks the question. In our opinion, such is the better practice and should be followed in the future. Although the Judge in this case did not personally inform defendant of his right to counsel or ask if he desired the aid of counsel, the record clearly shows that defendant acted understandingly, competently and intelligently in declining the aid of counsel, and that the require-